1
2
3
4              **UNITED STATES DISTRICT COURT**
5                    **DISTRICT OF NEVADA**
6
7    UNITED STATES OF AMERICA,        )
                                      )
          Plaintiff,                  )
8                                     )        3:12-cr-00042-RCJ-WGC
9         vs.                         )
                                      )
     EDELL GLOVER,                    )            **ORDER**
10                                    )
          Defendant.                  )
11   _____ )

12         Petitioner Edell Glover pled guilty in this Court to a single count of Possession with

13   Intent to Distribute a Controlled Substance (Methamphetamine), 21 U.S.C. § 841(a)(1),

14   (b)(1)(A)(viii). (*See* J., Jan. 15, 2013, ECF No. 36; Plea Mem., July 23, 2012, ECF No. 28).

15   Upon the United States' motion, the Court dismissed three other charges for possession with

16   intent to distribute cocaine powder, cocaine base, and heroin.  Petitioner disputed the United

17   States' requested sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a

18   dangerous weapon.  The Court applied the enhancement and sentenced Defendant to 180 months

19   imprisonment, with five years of supervised release to follow. (*See* J. 2–3).

20         Pending before the Court is a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.

21   § 2255 (ECF No. 39).  Defendant argues therein that the Court improperly enhanced his sentence

22   based upon his possession of a firearm during commission of the offense.  The Court finds that

23   the Petition is untimely under 28 U.S.C. § 2255(f)(1).

24         In most circumstances, the statute of limitations under § 2255 begins to run
         on "the date on which the judgment of conviction becomes final." 28 U.S.C.
25       § 2255[f](1). Section 2255 does not define "final." The Supreme Court has held that

a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S. Ct. 708, 93 L. Ed.2d 649 (1987). Guided by the Supreme Court's definition of finality, we have adopted, for § 2255 purposes, the definition of finality set forth in 28 U.S.C. § 2244(d)(1) which is applicable to state prisoners seeking federal habeas relief. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). Thus, as to Schwartz, and except for the grace period of the AEDPA, the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal. *Id.*

*United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). The present Petition was filed more than a year after the Judgment was entered. Because Petitioner had waived his right to appeal (except for ineffective assistance of counsel), (*see* Plea Mem. ¶ 11), the judgment was final the moment it was entered as to other kinds of claims. Even if Petitioner had not waived his right to appeal, or if the ability to appeal based on ineffective assistance of counsel made the last day to bring such an appeal the date of finality for all purposes, the last day to appeal would have been January 29, 2014, *see* Fed. R. App. P. 4(b)(1)(A), which was nearly five months before Petitioner filed the present Petition.

Petitioner argues that the one-year limitations period should not apply because he alleges actual innocence. Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). But except where a sentencing factor results in the death penalty, the actual innocence exception permitting a prisoner to invoke § 2241 to avoid the strictures of § 2255 requires a claim of actual innocence of the underlying offense of conviction, not merely actual innocence of a sentencing

Page 2 of 3

modifier. *Marrero v. Ives*, 682 F.3d 1190, 1192–94 (9th Cir. 2012).  Petitioner does not claim actual innocence of the underlying offense.

Finally, even if the Petition were timely or its untimeliness excused under the actual innocence doctrine, Petitioner waived the right to challenge any sentencing enhancements via habeas corpus petition or otherwise. (*See* Plea Mem. ¶ 11).

## CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (ECF No. 39) is DENIED.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge